UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT J. FIORE, II,<br><br>                Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTIONS, CMS HEALTH MANAGEMENT, BRENT REINKE, VICKEY SOUTHWICK, JOHANNA SMITH, SHELL WAMBLE FISHER, JAMES NIELSON, SHARON PETERSON, WENDY GREENWELL, RUTH BARBIERLYN, KISTI STEPHENSON, JUSTIN WOODELL, MOLLY, S. VOODSTAN, STEPHENS, ALAX FRANCOISE, M. AUSTIN, M. BAIRYMAN, KIM EDWARDS, ROMWELL,<br><br>                Defendants. | Case No. 1:11-cv-00552-BLW<br><br>**INITIAL REVIEW ORDER** |

       The Clerk of Court conditionally filed Plaintiff's Complaint as a result of his in forma pauperis request. (Dkts. 1, 5). The Court now reviews Plaintiff's Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following order dismissing

**INITIAL REVIEW ORDER - 1 -**

Plaintiff's complaint without prejudice, and denying as moot Plaintiff's request that he be allowed to proceed in forma pauperis and have counsel appointed to represent him.

## BACKGROUND

Plaintiff was a prisoner of the Idaho Department of Correction, formerly housed at the Idaho State Correctional Institution (ISCI), in Kuna, Idaho. Plaintiff claims that, on November 26, 2009, he was given ten times the prescribed dose of his blood-pressure medication. Plaintiff alleges that as a result of this overdoes he had a night of restless sleep and later fell out of his bed, a top bunk, presumably sustaining injuries from the fall.

According to Plaintiff, over his protestations, he was improperly given five (5.0) milligrams of Clonidine instead of the prescribed amount of one half (0.5) a milligram by Defendant Nurse Justin Woddell. Plaintiff states further that Woddell was being supervised by Defendant Romwell, a sergeant at the prison, during the administration of the medication. Plaintiff is suing twenty named defendants who all appear to be prison and prison medical staff.

## REVIEW OF COMPLAINT

### A. Standard

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915. The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. § 1915(e).

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff brings three claims: (1) medical indifference; (2) deliberate indifference; and (3) cruel and unusual punishment. All of these claims arise from the Eight Amendment.

B. **Eight Amendment Medical Claims**

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways:
>
> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Here, Plaintiff claims that he was over-medicated once and that as a result, he suffered one night of restless sleep and fell out of his bed, presumably sustaining injury. For an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). While Plaintiff has stated his claims with sufficient particularity, his allegations do not meet the deliberate indifference standard required to maintain an action. Plaintiff's own account of what happened shows that he was being consistently treated, that the over-dose was an anomalous event, and that his injuries are de minimus. Accordingly, Plaintiff's Complaint (Dkt. 1) shall be dismissed.

**INITIAL REVIEW ORDER - 4 -**

**D.     Motion for *in forma pauperis* status and for Appointment of Counsel**

With his Complaint, Plaintiff also filed a Motion for Appointment of Counsel (Dkt. 4) and Motion to Proceed in Forma Pauperis. (Dkt. 5). Because of the dismissal of Plaintiff's Complaint, these motions will be deemed moot and denied accordingly.

## ORDER

It is hereby ORDERED:

1. Plaintiff's Complaint (Dkt. 1) is DISMISSED;

2. Plaintiff's Motion to Appoint Counsel (Dkt. 4) is DENIED as MOOT; and

3. Plaintiff's Motion for Leave to Proceed in forma pauperis is DENIED as MOOT.

DATED: April 12, 2012

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge